**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10067
Summary Calendar

LEON TASBY,

Plaintiff-Appellant,

VERSUS

NORTHWEST TEXAS HEALTHCARE SYSTEM; MEYERS, Anesthetist
at Northwest Texas Hospital; REED SHANKWILER, Doctor,
Northwest Texas Hospital; TIMOTHY BRUCE PISTACCO, Physician,
Northwest Texas Hospital; NORTHWEST TEXAS HEALTHCARE SYSTEM,
Director and/or President,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas

(2:96-CV-474)

December 18, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leon Tasby, Texas prisoner # 362523, filed this 42 U.S.C. § 1983 action against the

Northwest Healthcare System, a state hospital, and several of its medical personnel alleging that they

were deliberately indifferent to his serious medical needs. Tasby maintains that his doctors failed to

tell him to remove his dentures prior to having surgery even though Tasby had completed a hospital

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

questionnaire informing the hospital and the doctors that he wore dentures. As a result, Tasby maintains that he experienced choking and pain during his operation. He also alleges that his dentures were broken, with pieces of them passing through his digestive system. Finally, Tasby alleges that the doctors were deficient in administering x-rays when attempting to verify his problem because they gave him soft drinks prior to the stomach x-rays. The district court dismissed Tasby's complaint as frivolous. Tasby appeals. Tasby raises three issues: (1) whether the district court erred in assessing a filing fee under the Prison Litigation Reform Act of 1996 (PLRA), (2) whether the district court abused its discretion in dismissing Tasby's § 1983 action as frivolous, and (3) whether the district court erred in refusing to allow Tasby to proceed against two defendants not named in his complaint.[2] We consider each in turn.

First, the district court did not err in applying the PLRA to Tasby's complaint and appeal. Tasby filed his complaint in November of 1996, after the effective date of the PLRA.[3]

Furthermore, the district court did not abuse its discretion in dismissing Tasby's complaint as frivolous under 28 U.S.C. § 1915.[4] A § 1915 dismissal is appropriate when the plaintiff's IFP complaint lacks an arguable basis in fact or in law.[5] Tasby's complaint is grounded in the Eighth

---

[2]    Tasby also argues that the district court abused its discretion because it failed to provide a basis for its dismissal of this action. We disagree. The district court dismissed Tasby's complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1997e and 28 U.S.C. § 1915.

[3]    The PLRA became effective on April 26, 1995, the day it was signed. *Ayo v. Bathey*, 106 F.3d 98 (5th Cir. 1997). It applies to civil action and appeals filed after that date.

[4]    We review § 1915 dismissals for abuse of discretion. *Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir.1994).

[5]    *Id*. at 9.

Amendment. To state a claim, Tasby must show that the defendant's actions amounted to a deliberate indifference to Tasby's serious medical needs.[6] An official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[7] This is a high hurdle, requiring Tasby to show that the defendant's conduct rose to the level of "subjective recklessness".[8] Mere negligence or mistaken medical treatment is not enough.[9] The defendant's actions do not rise to the level of deliberate indifference. At most, they were negligent in failing to discover that Tasby was wearing dentures at the time of his surgery and in failing to administer x-rays properly. The district court did not abuse its discretion in dismissing this action.[10]

Finally, Tasby argues that the district court erred because it did not allow Tasby to proceed against Doss and Bowman. Tasby directs our attention to an exhibit attached to his brief that bears the names of Doss and Bowman as defendants. This exhibit is stamped "Filed" in the Northern District of Texas, but it was not initialed by the clerk, nor is it found in the record on appeal. Tasby has not provided a basis for his claims against these two "defendants". The district court did not err in refusing to allow Tasby to proceed against these two individuals in this cause of action.

The judgment is AFFIRMED.

---

[6]     *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[7]     *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

[8]     *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

[9]     *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993).

[10]     Tasby argues that the district court should have given him an opportunity to amend his complaint to state a claim. Tasby has offered no facts from which we can discern an arguable claim upon which relief could be granted.